UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTIE PUNGER, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:24-CV-02217 |
| FARRAH MARTINEZ, PLLC, | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

---

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS, CHARGE & QUESTIONS

---

Respectfully Submitted,

**SPACE CITY LAW FIRM**

*BDavidson*

---

Bridget Davidson
*bdavidson@spacecitylaw.com*
SDTX No.: 300505
TBN: 24096858
SPACE CITY LAW FIRM
440 Louisiana St., Ste 1110
Houston, Texas 77002
Tel.: 713-568-5305
Fax: 713-583-1107

**ATTORNEY FOR PLAINTIFF**

---

JURY INSTRUCTIONS

---

I.    PRELIMINARY INSTRUCTIONS

<u>Instructions for Beginning of Trial</u>

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off. There are certain rules you must follow while participating in this trial. First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, [claims] [charges], evidence, or anything else related to this case. Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety. Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper

communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

Source: Fifth Circuit Pattern Jury Instructions (Civil)(2020) § 1.1

<u>Preliminary Instructions to the Jury</u>

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror. Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate.

It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and

persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel. Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible. The trial will now begin. Lawyers for each side will make an opening statement.

Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence. After the opening statements, the plaintiff will present her case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present its case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown.

Finally, you will go into the jury room to deliberate to reach a verdict. Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, [the closing arguments, and my instructions.] [my instructions, and the closing arguments.]* It is now time for the opening statements.

*Plaintiff will defer to the Court's preference on the order here.

Source: Fifth Circuit Pattern Jury Instructions (Civil)(2020) § 1.2

<u>Impeachment by Witness's Inconsistent Statements</u>

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial. A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Source: Fifth Circuit Pattern Jury Instructions (Civil)(2020) § 2.11

<u>Deposition Testimony</u>

Certain testimony will now be presented to you through a deposition by written questions. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony.

The questions and answers will be read to you today. This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

Source: Fifth Circuit Pattern Jury Instructions (Civil)(2020) § 2.13

<u>Bias—Corporate Party/Law Firm Involved</u>

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation, including a law firm or lawyer, and all other persons are equal before the law and must be treated as equals in a court of justice.

Source: Fifth Circuit Pattern Jury Instructions (Civil)(2020) § 2.16 (amended to add in mention of a law firm or lawyer)

II.    JURY CHARGE

Preliminary/Introductory Charge

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be. If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict. You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Source: Fifth Circuit Pattern Jury Charge (Civil)(2020) § 3.1

Burden of Proof: Preponderance of The Evidence

Plaintiff Christie Punger has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so.

Source: Adapted from Fifth Circuit Pattern Jury Instructions (Civil)(2020) § 3.2

## Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven. Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Source: Fifth Circuit Pattern Jury Instructions (Civil)(2020) § 3.3

## Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves. Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony. You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

### i.    Impeachment by Witness's Inconsistent Statements

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial. A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional

falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

ii.    <u>Deposition Testimony</u>

Certain testimony will now be presented to you through a deposition by written questions. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony.

The questions and answers will be read to you today. This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

Source: Fifth Circuit Pattern Jury Instructions (Civil)(2020) §§ 2.11, 2.13; Fifth Circuit Pattern Jury Charge (Civil)(2020) § 3.4

<u>Duty to Deliberate; Notes</u>

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the

courtroom. Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case. If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question. You may now proceed to the jury room to begin your deliberations.

Source: Fifth Circuit Pattern Jury Charge (Civil)(2020) § 3.7


III.   FAIR LABOR STANDARDS ACT (FLSA) (29 U.S.C. §§ 201, ET SEQ.)

<u>FLSA - Charge</u>

Plaintiff Christie Punger claims that Defendant Farrah Martinez, PLLC did not pay Plaintiff Christie Punger either her regular rate for all hours worked and overtime at 1.5 times Plaintiff's regular rate (when she worked over 40 hours in a workweek) as required by the federal Fair Labor Standards Act, also known as the FLSA.

Defendant Farrah Martinez denies Plaintiff Christie Punger's claims and contends Plaintiff Christie Punger was paid for all the hours she worked and did not work overtime.

It is unlawful for an employer to require an employee covered by the FLSA to either work for less than minimum wage or to work more than 40 hours in a workweek without paying overtime. To succeed on her claim, Plaintiff Christie Punger must prove each of the following facts by a preponderance of the evidence:

1. Plaintiff Christie Punger was an employee of Defendant Farrah Martinez, PLLC during the relevant period;

2. Plaintiff Christie Punger was engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce that had gross annual sales of at least $500,000.00 for 2021 - 2024; and

3. Defendant Farrah Martinez, PLLC failed to pay Plaintiff Christie Punger at least the minimum wage for all the hours she worked and overtime pay, if she worked over 40 in a workweek as required by law.

Plaintiff Christie Punger must prove by a preponderance of the evidence that she was an employee engaged in commerce or in the production of goods for commerce ("individual coverage") or employed by an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage").

The term "commerce" has a very broad meaning. It includes any trade, transportation, transmission, or communication among the several states, or between any state and any place outside that state. Plaintiff Christie Punger was engaged in "commerce" if her work regularly involved her in interstate commerce, including participating in activities like using the U.S. Mail, placing or receiving interstate phone calls for handling claims or cases, ordering out-of-state supplies, or managing interstate credit card transactions.

An "enterprise engaged in commerce or the production of goods for commerce" means a business that has employees engaged in commerce and has annual gross sales of at least $500,000.00.

### i.    Minimum Wage

The minimum wage required by the FLSA during the period involved in this case was $7.25 per hour.

### ii.    Overtime

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. If an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for the time [he/she] worked after the first 40 hours. This is commonly known as "time-and-a-half pay" for overtime work. To calculate how much overtime pay Plaintiff Christie Punger earned in a particular week, multiply her regular rate of pay by one-and-one-half times the regular rate for all hours worked over 40 in that week.

### iii.    Recordkeeping

The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Plaintiff Christie Punger claims that Defendant Farrah Martinez, PLLC failed to keep and maintain adequate records of her hours and pay when Defendant Farrah Martinez, PLLC questioned, cut, or asked Plaintiff Christie Punger to modify the hours she submitted to Farrah Martinez, PLLC for payment.

Plaintiff Christie Punger also claims that Defendant Farrah Martinez's failure to keep and maintain adequate records has made it difficult for Plaintiff Christie Punger to prove the exact amount of her claim. If you find that Defendant Farrah Martinez, PLLC failed to keep adequate time and pay records for Plaintiff Christie Punger and that Plaintiff Christie Punger performed work for which she should have been paid, Plaintiff Christie Punger may recover a reasonable estimation of the amount of her damages. But to recover this amount, Plaintiff Christie Punger must prove by a preponderance of the evidence a reasonable estimate of the amount and extent of the work for which she seeks pay.

Source: Adapted from Fifth Circuit Pattern Jury Charge (FLSA)(2020) § 11.24

<u>CHARGE – FLSA – Employee or Independent Contractor</u>

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people perform services for others while remaining self-employed as independent contractors. In this case, you must decide whether Plaintiff Christie Punger was an employee of Defendant Farrah Martinez, PLLC or an independent contractor. You should answer this question in light of the economic realities of the entire relationship between the parties and in light of whether Plaintiff Christie Punger economically depended on Defendant [name]. There are a number of factors you must consider, based on all the evidence in the case. The factors are as follows:

1. How much control Defendant Farrah Martinez had over Plaintiff Christie Punger's work. In an employer/employee relationship, the employer has the right to control the employee's work, to set the means and manner in which the work is done, and to set the hours of work. In contrast, an independent contractor generally must accomplish a certain work assignment within a desired time, but the details, means, and manner by which the contractor completes that assignment are determined by the independent contractor, normally using special skills necessary to perform that kind of work.

2. The relative investments made by Plaintiff Christie Punger compared to Defendant Farrah Martinez, PLLC. An independent contractor generally makes a greater investment in his or her work, but an employee's investment is usually less than the employer's investment. For example, an independent contractor usually provides the tools, equipment, and supplies necessary to do the job, but an employee usually does not.

3.  How much risk or opportunity Plaintiff Christie Punger had. An independent contractor is generally one who has the opportunity to make a profit or faces a risk of taking a loss. But an employee is generally compensated at a predetermined rate, has no risk of loss, and has social security taxes paid by the employer.

4.  The amount of skill and initiative required of Plaintiff Christie Punger. An independent contractor usually has a specialized skill and demonstrated initiative compared to an employee. An independent contractor may have more discretion over his or her daily tasks, and may have to take initiative to find consistent work.

5.  The permanency of the relationship between Plaintiff Christie Punger and Defendant Farrah Martinez, PLLC. This includes whether Plaintiff Christie Punger worked exclusively for Defendant Farrah Martinez, the total length of the relationship, and whether the work was done on a project-by-project basis. An employee typically works exclusively for one employer, has a long-term relationship, and does not work on a project-by-project basis, while an independent contractor does.

You should consider all the circumstances surrounding the work relationship, and no single factor determines the outcome. An individual who performs services for pay may be either an employee or an independent contractor but cannot be both at the same time.

Source: Fifth Circuit Pattern Jury Charge (FLSA Employee or Independent Contractor)(2020) § 11.26

<u>JURY QUESTIONS – FLSA – Employee or Independent Contractor</u>

<u>Question No. 1</u>

Has Plaintiff Christie Punger proved that she was an employee of Defendant Farrah Martinez, PLLC?

Answer "Yes" or "No."

_____

Source: Fifth Circuit Pattern Jury Questions (FLSA Employee or Independent Contractor)(2020) § 11.26

<u>JURY QUESTIONS – FLSA – Failure to Pay Minimum Wage or Overtime</u>

<u>Question No. 1</u>

 Has Plaintiff Christie Punger proved that she was an employee of Defendant Farrah Martinez, PLLC during the relevant period?

Answer "Yes" or "No."

_____

 If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

<u>Question No. 2</u>

 Has Plaintiff Christie Punger proved that she was engaged in commerce?

Answer "Yes" or "No."

_____

 Has Plaintiff Christie Punger proved that she was employed by an enterprise engaged in commerce and had annual gross sales of at least $500,000.00 in the years 2021 – 2024?

Answer "Yes" or "No."

_____

 If your answer is "Yes" to one of these questions, answer the next question. If your answer is "No" to both of these questions, do not answer the next question.

<u>Question No. 3</u>

 Has Plaintiff Christie Punger proved that Defendant Farrah Martinez, PLLC failed to pay her the minimum wage or for all hours she worked at her regular rate, and overtime required by law?

Answer "Yes" or "No."

_____

If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

Question No. 4

Has Defendant Farrah Martinez, PLLC proved that Plaintiff Christie Punger was exempt from the overtime-pay requirement as an employee that qualifies for the Motor Carrier Act exemption, 29 U.S.C. 13(b)(1)?

Answer "Yes" or "No."

_____

If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

Question No. 5

Has Plaintiff Christie Punger proved that Defendant Farrah Martinez, PLLC knew that its conduct was prohibited by the FLSA or showed reckless disregard for whether the FLSA prohibited its conduct?

Answer "Yes" or "No."

_____

Source: Fifth Circuit Pattern Jury Questions (FLSA)(2020) § 11.24


CHARGE – FLSA Damages

If you find that Defendant Farrah Martinez, PLLC violated the FLSA, then you must determine the amount of any damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Christie Punger has proved liability. The amount in damages is the difference between the amount Plaintiff Christie Punger should have been paid and the amount she was actually paid. Plaintiff Christie Punger is entitled to recover lost wages for the two years before she filed this lawsuit, unless you find that Defendant Farrah Martinez, PLLC either knew or showed reckless disregard for whether the FLSA prohibited its conduct. If you find that Defendant Farrah Martinez, PLLC knew or showed reckless disregard for whether the FLSA prohibited its conduct, then Plaintiff Christie Punger is entitled to recover lost wages for three years before the date she filed this lawsuit.

Plaintiff Christie Punger filed this lawsuit on June 11, 2024.

Source: Adapted from Fifth Circuit Pattern Jury Charge (FLSA Damages)(2020) § 11.25

<u>JURY QUESTIONS – FLSA Damages</u>

<u>Question No. 1</u>

Has Plaintiff Christie Punger proved that she is entitled to recover damages under the FLSA?

Answer "Yes" or "No."

_____

If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

<u>Question No. 2</u>

Has Plaintiff Christie Punger proved that Defendant either knew its conduct was prohibited by the FLSA or showed reckless disregard for whether its conduct was prohibited by the FLSA?

Answer "Yes" or "No."

_____

If your answer is "Yes," you should award damages for the three-year period from June 11, 2021 to June 11, 2024. If your answer is "No," you should award damages for the two-year period from June 11, 2022 to June 11, 2024.

<u>Question No. 3</u>

What sum of money would fairly and reasonably compensate Plaintiff Christie Punger for the damages, if any, you have found Defendant Farrah Martinez, PLLC caused Plaintiff Christie Punger? Answer in dollars and cents for the following items and no other:

        i.    <u>Lost Wages (Regular and Overtime)</u>

Regular Hours Unpaid x Plaintiff's Regular Rate ($_____ from [date] to [date]):

$_____

+

Overtime Not Paid (At All) x Plaintiff's Overtime Rate (1.5x Plaintiff's Regular Rate)($_____ from [date] to [date]):

$_____

Or

Overtime Not Paid (At Overtime Rate) x Plaintiff's 1/2 Time Rate (Plaintiff was paid straight time for overtime for the hours worked over forty but not overtime)

$_____

= _____(Lost Wages Damages)

     If this amount would fairly and reasonably compensate Plaintiff Christie Punger for the damages, do not answer the next question. If you think Plaintiff should get Liquidated Damages, answer the next question.

        ii.    <u>Liquidated Damages</u>

     What sum of Liquidated Damages should be awarded to Plaintiff, if any, if you have found Defendant Farrah Martinez, PLLC caused Plaintiff Christie Punger? Answer in dollars and cents for the following items and no other:
$_____(may be up to an equal amount of the total in Lost Wages, above.

Respectfully Submitted,

**SPACE CITY LAW FIRM**

Bridget Davidson
*bdavidson@spacecitylaw.com*
SDTX No.: 3005005
TBN: 24096858
SPACE CITY LAW FIRM
440 Louisiana St., Ste 1110
Houston, Texas 77002
E-Service: *hello@spacecitylaw.com*
Tel.: 713-568-5305
Fax: 713-583-1107

ATTORNEY FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 13, 2025, a true and correct copy of this document was filed on all Parties of record through the Court's CM/ECF system.

