**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHRISTIE PUNGER, | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 4:24-CV-02217 |
| v. | § | |
| | § | Jury Trial Demanded |
| FARRAH MARTINEZ, PLLC, | § | |
| | § | |
| *Defendant*. | § | |

**<u>*Reply*</u> in Support of Defendant's Motion in Limine
to Exclude Damages Evidence**

_____

Defendant Farrah Martinez, PLLC respectfully submits this Reply in support of its Motion in Limine to Exclude Plaintiff's Undisclosed Damages Evidence. Dkt. 23. Plaintiff's Response (Dkt. 28) confirms, rather than refutes, the core problem: she failed to provide any damages computation until September 10, 2025—over a month after discovery closed and six weeks before trial.

Even now, Plaintiff's trial damages model (PX 22) is objectionable and facially flawed. It does not comply with the FLSA's requirements for calculating alleged overtime.

**A. Damages Calculations Disclosed for the First Time at Trial are Untimely.**

Plaintiff's initial disclosures merely stated she "seeks damages" under the FLSA and identified "overtime hours," but did not include any numerical calculation, time records, assumptions, or methodology, as required by Rule 26(a)(1)(A)(iii).

Plaintiff's recent attempt to cure this failure via a spreadsheet offered as an objectionable trial exhibit (PX 22) comes far too late and is substantively defective. As we

_____

address below, it also fails *to disclose* any damages under the FLSA, which requires 40 plus hours during a *workweek*, not a two-week pay period. This is precisely the type of trial ambush Rule 26 and Rule 37 were designed to prevent.

Discovery closed on July 31, 2025. Dkt. 16. Plaintiff served her First Amended Disclosures 41 days later, on September 10, 2025. Dkt. 28, Ex. 1. Rule 26 requires a party to supplement disclosures "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). Forty-one days after the discovery deadline—and after Defendant specifically raised Plaintiff's failure to disclose damages in its summary judgment response—is not "timely" by any measure.

A disclosing party must provide a calculation, not just a category, and must make available documents supporting the computation. *CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 279–80 (5th Cir. 2009) (upholding trial court's exclusion of damages for failure to disclose a computation and support); Federal Judicial Center, "Initial Discovery Protocols for Fair Labor Standards Act Cases Not Pleaded as Collective Actions" (Jan. 2018) at 7 ("Information that Plaintiff must produce to the Defendant [include a] computation of each category of damages claimed by the Plaintiff, including a) applicable dates, b) amounts of claimed unpaid wages, and c) the method used for computation (including applicable rates and hours.").

## B. Plaintiff's Deposition Testimony Supports Exclusion.

At her deposition, Plaintiff confirmed ("That is correct") that "[a]t no point during [her] relationship with the Martinez, PLLC law firm did [she] complain about not being paid overtime." DX 2 at 128. Moreover, Plaintiff testified that she "did not work overtime

_____

hours until 2022, so it would be between 2022 and 2023." *Id* at 123. Yet her untimely disclosed damages model seeks FLSA overtime pay dating back to 2021. *See* PX 22. Asked about how much she is owed for another one of her claims—that she was not paid at all for a certain pay period—she testified "I don't know." DX 2 at 106. Asked about "how many times [she] worked over 40 hours in a week," she responded with "[m]ore than five." *Id*. at 124.

This testimony confirms that Plaintiff never supplied a factual basis for her damages and cannot verify the validity of any amounts now claimed by her counsel. The purported damages model is objectionable for multiple reasons, including hearsay and lack of foundation.

## C.  Plaintiff's Spreadsheet Misapplies the FLSA Overtime Standard.

Even if the spreadsheet offered as PX 22 were admissible, it is facially flawed. It lists broad date ranges and generalized dollar amounts with no documentation, time records, or methodology to support how any figure was computed. There is no connection between the amounts claimed and specific workweeks or records—only generalized, unsupported totals. This is precisely the type of vague and conclusory evidence Rule 26(a) was meant to exclude.

Under the FLSA, overtime is measured by the workweek, not the pay period: "The Act takes *a single workweek* as its standard and does not permit averaging of hours over two or more weeks." 29 C.F.R. § 778.104 (italics added). Yet Plaintiff's damages spreadsheet groups hours by biweekly pay period, improperly combining hours from two distinct workweeks to artificially exceed 40 hours and claim overtime where none is due.

_____

For example, as claimed in PX 22, Plaintiff seeks 21.5 hours in overtime for the "Pay Dates" of "6/17/2023" because the "Hours worked" for that pay period total "61.5" hours. But the actual time entries prepared by Plaintiff herself show that she accumulated 61.5 hours spanning two workweeks. *See* PX 1 at p. 3 ("Time Sheet for "Week of: 06/4/23 – 06/17/23").

Thus, Plaintiff's damages spreadsheet fails to show how many hours she worked in each individual week, rendering it noncompliant and legally invalid under the FLSA.

## D. The Violation of Rule 26 is not Harmless.

Plaintiff argues Defendant was on notice of her claim for overtime. But that's not the standard. Rule 26 demands disclosure of "a computation" of each category of damages, along with supporting materials. *See Hoffman v. Construction Protective Services, Inc.,* 541 F.3d 1175, 1179-80 (9th Cir. 2008) (excluding FLSA damages testimony because plaintiff never disclosed the calculation methodology or factual basis). Plaintiff's failure to supplement under Rule 26(e) and her untimely disclosure after discovery closed and summary judgment was filed prejudices Defendant's ability to meaningfully challenge the claimed damages—particularly since Plaintiff herself cannot explain or verify the model.

Rule 37 states plainly: "If a party fails to provide information... as required by Rule 26(a) or (e), the party is not allowed to use that information... at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiff offers no justification for withholding her damages until trial. Exclusion of any damages evidence is warranted under Rules 26 and 37 of the Federal Rules of Civil Procedure.

_____

Respectfully Submitted,

**TAHERZADEH, PC**

/s/ Mo Taherzadeh
MO TAHERZADEH
mo@taherzadehlaw.com
Texas Bar No. 24028022
Federal Bar No. 29596
550 Post Oak Blvd, Suite 580
Houston, Texas 77027
Telephone: (713) 360-6055

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 15, 2025, a copy of the foregoing instrument was served upon all counsel of record via the Court's ECF system.

/s/ Mo Taherzadeh
Mo Taherzadeh

_____