IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTIE PUNGER, § | | |
| § | | |
| *Plaintiff*, § | | Civil Action No. 4:24-CV-02217 |
| v. § | | |
| § | | Jury Trial Demanded |
| FARRAH MARTINEZ, PLLC, § | | |
| § | | |
| *Defendant*. | | |

## Response to Plaintiff's Motion in Limine

Defendant Farrah Martinez, PLLC ("Defendant") respectfully files this Response to Plaintiff Christie Punger's ("Plaintiff") Motion in Limine (Dkt. 27). In support, Defendant respectfully shows the Court the following:

### Introduction

Plaintiff seeks to exclude the very evidence that exposes the fatal flaws in her case—her own admissions. She represented herself as an independent contractor to obtain a federal loan, filed taxes as an independent contractor for years, and immediately resumed working as an independent contractor for other law firms after her relationship with Defendant ended. Now, faced with this inconvenient truth, she asks this Court to prevent the jury from considering it, even assuming she had any admissible evidence warranting a trial—which she does not. Dkts. 23 & 40 (D's Motion in Limine & Reply).

The Court should deny Plaintiff's Motion in Limine. Both Plaintiff's PPP loan application and her LinkedIn profile showing continued independent contractor work are directly relevant to the central issue in this case: whether Plaintiff was properly classified

---

under the Fair Labor Standards Act's economic realities test. The evidence goes to Plaintiff's credibility, her understanding of her own status, the nature of her business model, and multiple factors of the economic realities test itself.

## Relevant Facts

The following facts are derived from the summary judgment pleadings and evidence. In April 2021, while working for Defendant, Plaintiff applied for and received a Paycheck Protection Program loan by representing to the Small Business Administration that she was an independent contractor operating a business. Dkt. 27-2 (PPP Loan Data). She signed the application under penalty of perjury and received $3,285 based on these representations. *Id.*

For every year she worked for Defendant, Plaintiff received a Form 1099 and filed her taxes accordingly. Trial Exhibit DX 5 (same as Dkt. 18-9). Before beginning work, she executed a Form W-9 identifying herself as an "individual/sole proprietor"—a contractor. Trial Exhibit DX 1 (same as Dkt. 18-5).

Following her separation from Defendant in January 2024, Plaintiff resumed working as an *independent contractor* for other law firms. She worked for a Dallas firm from April through December 2024 and currently provides 10-15 hours weekly to another firm under an independent contractor arrangement. Her LinkedIn page, which she maintains and controls, describes her as "self-employed" and available as a "Remote Litigation Paralegal." Trial Exhibit DX 3 (same as Dkt. 18-7).

---

## Response to Plaintiff's Motion in Limine

### A. The PPP Loan Evidence Is Highly Relevant and Admissible

Plaintiff's PPP loan application is relevant to at least five material issues in this case. First, the evidence is a party admission. Plaintiff's sworn statement to the federal government that she operated as an independent contractor is a classic party admission under Federal Rule of Evidence 801(d)(2)(A). Party admissions are among the most probative forms of evidence. The statement was made during the relevant time period and directly concerns her employment status—the central issue in this litigation.

Second, the evidence is relevant to Plaintiff's credibility. Plaintiff now claims she was an employee misclassified by Defendant. Yet during the same time period, she swore to the SBA that she was an independent contractor. The jury is entitled to consider this inconsistency when assessing her credibility. *See United States v. Abel*, 469 U.S. 45, 51-52 (1984) (evidence showing witness made inconsistent statements admissible to impeach credibility).

Third, the evidence is relevant to Plaintiff's understanding of her employment status. Plaintiff claims she "did not understand the difference between an employee and an independent contractor" when she applied for the loan. But that claim itself makes the PPP application more relevant, not less—it shows what representation she made to the government about her status, regardless of her understanding. Moreover, her claim of ignorance is belied by the fact that she consulted information gleaned from "social media" before applying, reviewed the form, and signed under penalty of perjury. Dkt. 18-1 at 146

---

at 23-25 (Punger Tr.). The jury should evaluate whether her professed ignorance is credible.

Fourth, the evidence is relevant to the economic realities test. The Fifth Circuit considers multiple factors to determine worker classification, including the degree of control, permanency of relationship, worker's investment, opportunity for profit or loss, and skill and initiative required. *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008). Plaintiff's PPP application demonstrates:

- She held herself out as operating an independent business (permanency factor)
- She had the initiative to seek independent business opportunities (initiative factor)
- She controlled her own income and sought additional compensation sources (opportunity for profit factor)
- She represented herself as self-employed with her own business expenses (investment factor)

Fifth, the evidence shows economic independence from Defendant. A critical question under the economic realities test is whether the worker is economically dependent on the alleged employer or "in business for himself." *Id.* Plaintiff's pursuit of a PPP loan as an independent business operator directly proves she was not economically dependent on Defendant—she was operating her own paralegal services business.

**B. Plaintiff's statute of limitations argument is a red herring.**

Plaintiff argues the PPP loan evidence should be excluded because April 2021 falls outside the statute of limitations period. This argument fails for three reasons.

First, evidence need not fall within the damages period to be admissible. The relevant inquiry is whether the evidence tends to make a fact of consequence more or less

---

probable. Fed. R. Evid. 401. Evidence of a party's prior consistent statements, understanding, or admissions is routinely admitted even when it predates the damages period. *See Hargrave v. AIM Directional Services, L.L.C.*, 2022 U.S. App. LEXIS 12721 at *10-12 (5th Cir. May 11, 2022) (prior years' deductions relevant to show the plaintiff's understanding that he was operating as a contractor).

Second, April 2021 is within the potential three-year limitations period applicable to willful violations. The limitations period is June 11, 2021 if willfulness is proven. Doc. 1 (complaint filed June 11, 2024); 29 U.S.C. § 255(a) (three-year limitations period for willful violations). Even accepting Plaintiff's own narrowing of the damages period to "the last three years," April 2021 is within that timeframe and thus directly relevant.

Third, the evidence relates to Plaintiff's status and understanding during the entire working relationship. The PPP application was made in April 2021, three years into her relationship with Defendant and two-and-a-half years before it ended. This contemporaneous evidence of how she viewed and represented her status is probative of the true nature of the relationship throughout its duration.

**C. The probative value far outweighs any prejudice.**

Plaintiff's Rule 403 argument is meritless. She claims the evidence is "unfairly prejudicial and confusing" because "the economic realities test is enough of a nuanced aspect of the law" without adding evidence about what she called herself. Dkt. 27 at 5-6. Plaintiff's contention turns Rule 403 on its head.

The test is not whether evidence might complicate the jury's analysis, but whether its probative value is "substantially outweighed" by unfair prejudice. The probative value

---

here is enormous—it is Plaintiff's own sworn statement about her status, made contemporaneously, to the federal government, under penalty of perjury. The Fifth Circuit has held that party admissions and inconsistent statements are highly probative. *Hopkins*, 545 F.3d at 346 (noting that subjective beliefs and self-reporting have "limited relevance" favoring admission, not exclusion).

Any "prejudice" is not unfair—it is the natural result of Plaintiff having to account for her own prior inconsistent position. "Unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's note. There is nothing improper about the jury considering Plaintiff's prior sworn statement about her own status.

Plaintiff's concern that the jury might think "once a contractor, always a contractor" is unfounded. Dkt. 27 at 5. The Court can provide a limiting instruction if necessary, explaining that the evidence is admitted for the limited purpose of assessing Plaintiff's understanding, credibility, and admissions. Such instructions are presumed effective. *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Moreover, courts routinely admit evidence of tax treatment and self-reporting in FLSA classification cases. *See Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 384 (5th Cir. 2019) (considering plaintiff's tax returns showing deductions for business expenses). Indeed, the PPP application may be more probative than tax returns because it required Plaintiff to affirmatively represent her status to receive a government benefit.

**D. The LinkedIn Evidence Is Equally Relevant and Admissible**

---

Plaintiff's LinkedIn profile and her work as an independent contractor for other law firms after leaving Defendant are directly relevant to the economic realities test. This evidence demonstrates that Plaintiff:

- Holds herself out as an independent contractor: Her LinkedIn profile describes her as "self-employed" and solicits work as a "Remote Litigation Paralegal." This is how she markets herself to potential clients.
- Operates an independent business: She simultaneously worked for multiple law firms in 2024, demonstrating she is not economically dependent on any single firm.
- Controls her own schedule and workload: She chooses to work only 10-15 hours per week for her current client and could increase that if she wished.
- Has a consistent business model: Her pattern of working as a freelance paralegal for multiple firms shows this was not a relationship unique to Defendant but rather her chosen method of conducting business.

This evidence is relevant under multiple economic realities factors. It shows permanency (or lack thereof), degree of control (she chooses her hours and clients), initiative and skill (she operates her own business), and economic independence (she is not dependent on any one firm). *Hopkins*, 545 F.3d at 343.

### E. The subsequent remedial measures rule does not apply

Plaintiff attempts to analogize this case to subsequent remedial measures, under Rule 407, suggesting that her post-Defendant work should be excluded as prejudicial. Dkt. 27 at 5. This argument fails because Rule 407 is inapplicable.

Rule 407 excludes evidence of "measures that would have made an earlier injury or harm less likely to occur" when offered to prove negligence or culpable conduct. Fed. R. Evid. 407. The rule exists to encourage safety improvements without fear they will be used as admissions of fault.

That rationale has no application here. Plaintiff's subsequent work as an independent contractor is not a "remedial measure"—it is a continuation of her same business model. She is not "fixing" anything; she is doing exactly what she did with Defendant. This is pattern evidence, not subsequent remedial measures.

Moreover, Rule 407 explicitly permits admission of such evidence "for another purpose, such as impeachment or—if disputed—proving … feasibility." Fed. R. Evid. 407. Here, the evidence is offered to prove: (1) Plaintiff's understanding of her status; (2) her ability to work as an independent contractor (feasibility); (3) her consistent business model; and (4) impeachment of her claim that she was misclassified.

### F. The evidence is relevant to credibility and consistency

Plaintiff testified at her deposition that she did not understand the difference between an employee and independent contractor while working for Defendant. Dkt. 18-1 (Punger Dep. 91:17-92:22). Yet immediately after leaving Defendant, she contracted with two other law firms as an independent contractor—and continues to do so today.

This pattern is devastating to her credibility. If she truly did not understand her status, why did she immediately resume the same type of work arrangement with others? The jury is entitled to consider whether Plaintiff actually misunderstood her status or whether she understood perfectly well but now regrets the tax and benefits consequences of her choice.

Courts routinely admit evidence of prior acts showing a pattern of conduct, even if those acts fall outside the limitations period, where they bear on credibility,

---

understanding, or intent. See *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (evidence of other acts admissible to prove knowledge, intent, or absence of mistake).

### G. Any prejudice is easily addressed

To the extent the Court has any concern about prejudice, a simple limiting instruction would suffice. The Court could instruct the jury that evidence of Plaintiff's subsequent work is admitted only for the limited purpose of evaluating: (1) her understanding of her employment status; (2) the feasibility and viability of the independent contractor relationship; (3) her credibility; and (4) whether the relationship with Defendant was consistent with her overall business model.

Such an instruction would eliminate any risk of the jury improperly reasoning that "two other lawyers classified her as an independent contractor, so Defendant must be right." Jurors are presumed to follow limiting instructions. *Zafiro*, 506 U.S. at 540-41.

### H. Excluding This Evidence Would Deny Defendant a Fair Trial

If this evidence is excluded, Defendant will be unable to present crucial evidence undermining Plaintiff's case:

- Defendant cannot show that Plaintiff herself—contemporaneously—represented her status as an independent contractor to the federal government.
- Defendant cannot demonstrate that Plaintiff's professed ignorance of her status is contradicted by her own actions and continued business model.
- Defendant cannot prove that Plaintiff was not economically dependent on Defendant because she operated an independent business before, during, and after her relationship with Defendant.
- Defendant cannot impeach Plaintiff's credibility with her own prior inconsistent statements and conduct.

---

Excluding this evidence would fundamentally skew the trial in Plaintiff's favor. She would be permitted to testify that she thought she was an employee while concealing from the jury that she simultaneously told the government she was an independent contractor and continues to work as one today. That would be manifestly unfair.

### Conclusion & Prayer for Relief

Both pieces of evidence are directly relevant, highly probative, and admissible under the Federal Rules of Evidence. Plaintiff's Motion seeks to hide from the jury the most damaging evidence in the case—her own admissions and consistent course of conduct. The Motion should be denied.

Defendant Farrah Martinez, PLLC respectfully requests that this Court deny Plaintiff's Motion in Limine in its entirety, admit Defendant's Proposed trial Exhibits 2 and 3 at trial, and grant Defendant such other and further relief to which it may be justly entitled.

Respectfully Submitted,

**TAHERZADEH, PC**

*/s/ Mo Taherzadeh*
MO TAHERZADEH
mo@taherzadehlaw.com
Texas Bar No. 24028022
Federal Bar No. 29596
550 Post Oak Blvd, Suite 580
Houston, Texas 77027
Telephone: (713) 360-6055
Counsel for Defendant

---

CERTIFICATE OF SERVICE

    I hereby certify that on October 15, 2025, a copy of the foregoing instrument was served upon all counsel of record via the Court's ECF system.

                                            */s/ Mo Taherzadeh*
                                            Mo Taherzadeh