IN THE UNITED STATES DISTRICT COURT\
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTIE PUNGER, *Plaintiff,* | § § § § § § § § § | |
| v. | | C.A. NO. 4:24-cv-02217 |
| FARRAH MARTINEZ, PLLC, *Defendant.* | | JURY TRIAL DEMANDED |

PLAINTIFF'S TRIAL BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Christie Punger respectfully submits this Trial Brief in support of the upcoming trial in this matter set for October 21, 2025:

I. INTRODUCTION

Post-summary judgment, this case involves claims for unpaid wages and overtime under the Fair Labor Standards Act (the "FLSA"). Related to these claims is another violation of the FLSA – recordkeeping. Plaintiff Christie Punger ("Plaintiff") seeks recovery of her unpaid wages, unpaid overtime, liquidated damages and, if she is the prevailing party to this suit, attorneys' fees and costs of suit from her former employer Defendant Farrah Martinez, PLLC ("Defendant" or the "Firm"). The relevant time period for Plaintiff's claims, per the Court's ruling on Plaintiff's Motion for Summary Judgment is April 1, 2022 through the end of her employment, January 4, 2023.

## II.   STATEMENT OF FACTS

Plaintiff worked as a paralegal for Defendant, which included drafting petitions, motions, and discovery requests, responding to discovery, and other litigation-related drafting assignments. Plaintiff testified that, during the relevant time period, she worked mostly during Defendant's office hours, 8:30 – 5 pm. However, she would work overtime periodically, mostly during weeks in which the Firm was in a trial. Plaintiff estimates she worked approximately five (5) weeks of overtime. From April 2022 and on, after the Firm's Legal Assistant Julie McLoughlin was terminated, Plaintiff was required to take on additional duties, including handling more phone calls for the Firm from insurance adjusters, clients, and potential clients. Plaintiff was required to manage e-filing and other clerical tasks, obtain medical and billing records and even train new employees that were hired after McLoughlin. Due to this, Plaintiff frequently worked more hours each week during this period.

## III.   LEGAL STANDARD

A.  **Elements of an FLSA Unpaid Wages/Overtime Claim**

To prevail on an FLSA claim for unpaid wages (minimum wage)[1] and overtime,[2] an employee must prove: 1) the existence of an employment relationship; 2) the employee was engaged in commerce or employed by an enterprise engaged in commerce; 3) that the employer failed to pay the minimum wages and/or overtime.[3]

---

[1] *See generally*, Count 2 of Plaintiff's Original Complaint (Doc. 1)
[2] *Id*. at Count 3.
[3] *See*, 29 U.S.C. § 206 (for minimum wage); 29 U.S.C. § 207 (for overtime pay).

No employer shall employ any of his employees who in any workweek … is employed in an enterprise engaged in commerce … for a workweek longer than forty hours unless such employee received compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which [she] is employed.[4] If an employer knows its employee worked overtime, it must pay overtime wages even if the employee does not claim overtime compensation.[5]

B. **Employer's Duty Regarding Payment of Wages & Overtime**

Management cannot sit back and accept benefits without compensating for them.[6] An announcement by an employer that no overtime work will be permitted, or that overtime work will not be compensated unless authorized in advance, will not impair the employee's right to compensation for work he actually suffers or is permitted to perform.[7] A plaintiff need not prove each hour of overtime with unerring accuracy or certainty.[8] In the absence of rebuttal by defendants, plaintiffs' recollection and estimate of hours worked are presumed to be correct.[9]

IV. ARGUMENT

A. **Plaintiff Has Established the Elements of her FLSA Claim**

Plaintiff can establish all the required elements of her FLSA claims for unpaid wages (regular) and overtime. First, an employment relationship existed during the relevant

---

[4] 29 U.S.C 207(a)(1).
[5] *Garner v. Chevron Phillips Chem. Co., L.P.*, 834 F. Supp. 2d 528, 544-45 (S.D. Tex. 2011).
[6] *Id.* at 545.
[7] 29 CFR §778.316.
[8] *Diaz v. Castro*, 122 F. Supp. 3d 603, 611 (S. D. Tex. 2014).
[9] *Id.*

time period, as the Court has noted in its ruling on the Motion for Summary Judgment. The Defendant, as a law firm, and Plaintiff, as the Firm's paralegal was engaged in commerce as it provided legal services. Third, the evidence demonstrates that Plaintiff worked hours during the regular workweek without compensation and, for five weeks, overtime without proper compensation, particularly after April 2022 when her responsibilities significantly expanded. Under the FLSA, Plaintiff must prove by a preponderance of the evidence that she worked overtime hours without compensation and the amount and extent of the work.[10]

## B. Defendant Cannot Avoid Liability by Claiming Ignorance of Overtime Work

Defendant's doubt of whether Plaintiff should be compensated for certain work activities does not absolve Defendant of liability. An employer that had either actual or constructive knowledge that his employee was working overtime may be liable under the FLSA.[11] An employer who knows an employee is working overtime cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime.[12]

## V.  DAMAGES

## A. Unpaid Regular Wages, Overtime, and Liquidated Damages

An employer who violates § 206 and § 207 of the FLSA shall be liable to the employees affected for their unpaid minimum wages and/or overtime compensation and

---

[10] *Johnson v. Heckmann Water Res. (CVR)*, 758 F.3d 627, 630 (5th Cir. 2014).
[11] *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995).
[12] *Newton*, 47 F.3d at 748 (internal citations omitted); *see also* 29 C.F.R. § 785.11 ("Work not requested but suffered or permitted is work time.").

an additional equal amount as liquidated damages.[13] Liquidated damages are compensatory, not punitive in nature.[14]

## B. Attorneys' Fees & Costs

In addition to any judgment that may be awarded by Plaintiff, the Fair Labor Standards Act allows reasonable attorneys' fees to be paid by the Defendant as well as the costs of the suit.[15]

## VI. CONCLUSION

In sum, the record and governing law compel only one conclusion: Plaintiff is entitled to the relief she seeks, her unpaid regular hours, her overtime, liquidated damages and attorneys' fees and costs. For these reasons, Plaintiff respectfully asks the Court to render judgment for the Plaintiff.

---

[13] 29 U.S.C. 216.
[14] *Chapman v. A.S.U.I. Healthcare & Dev. Ctr.*, 2013 U.S. Dist. LEXIS 15788 *18 (S.D.T.X. Feb. 6, 2016) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)).
[15] 29 U.S. Code § 216(b).

Respectfully Submitted,

**SPACE CITY LAW FIRM**

*/s/ B. Davidson*
Bridget Davidson
State Bar No.: 24096858
SDTX No.: 3005005
*bdavidson@spacecitylaw.com*
440 Louisiana St., Ste 1110
Houston, Texas 77002
E-Service: *hello@spacecitylaw.com*
Tel.: 713-568-5305
Fax: 713-583-1107

ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 17, 2025, a true and correct copy of this document was filed on all Parties of record through the Court's CM/ECF system.

