IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTIE PUNGER, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-2217 |
| | § | |
| FARRAH MARTINEZ, PLLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

## JURY CHARGE

## I.
## GENERAL INSTRUCTIONS

**MEMBERS OF THE JURY**:

You have heard the evidence in this case. I shall now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you, regardless of any opinion or preconceived notion that you might have as to what the law is or ought to be. On the other hand, you the jury are the judges of the facts.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the attorneys argue is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard, and the other evidence submitted.

While it is my duty to decide what law applies, it is your duty to resolve the factual disputes. Consequently, if I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict. You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments

rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard, and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence. You may not be influenced by passion, prejudice, bias, or sympathy in arriving at your verdict. Do not let bias, prejudice or sympathy play any role in your deliberations. An entity, like a law firm, and all other persons are equal before the law and must be treated as equals in a court of justice.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

In determining the weight to give the testimony of a witness, you may consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Certain testimony has been presented to you through depositions. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned the witness under oath. The questions and answers were read to you during trial. This deposition testimony is entitled to the same

2

consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

The testimony of a witness that is a party or connected to a party should be evaluated by you just as you would any other witness. Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified for a particular side. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## II.
## CASE SPECIFIC INSTRUCTIONS

Plaintiff Christie Punger ("Plaintiff") alleges that Defendant Farrah Martinez, PLLC ("Defendant") did not pay her the minimum wage and overtime pay required by the Fair Labor Standards Act, also known as the FLSA. Defendant denies Plaintiff's claims.

Remember, the fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence. Likewise, the fact that a defendant denies the claims is not evidence that they are not liable.

Plaintiff has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

3

## III.
## INSTRUCTIONS CONCERNING PLAINTIFF'S MINIMUM WAGE CLAIM

Plaintiff claims that Defendant did not pay her the minimum wage required by the Fair Labor Standards Act, also known as the FLSA.

Defendant Farrah Martinez, PLLC denies Plaintiff's claim.

It is unlawful for an employer to require an employee covered by the FLSA to work for less than minimum wage.

To succeed on her minimum wage claim, Plaintiff Christie Punger must first prove the following facts by a preponderance of the evidence:

1. Plaintiff Christie Punger: (1) was engaged in commerce; (2) or was engaged in the production of goods for commerce; or (3) was employed by an enterprise engaged in commerce or in the production of goods for commerce that had gross annual sales of at least $500,000.00 for 2022–2024; and

2. Defendant Farrah Martinez, PLLC failed to pay Plaintiff Christie Punger the minimum wage required by law.

The term "commerce" in this context has a very broad meaning. It includes any trade, transportation, transmission, or communication among the several states, or between any state and any place outside that state. Plaintiff was engaged in the "production of goods" if she was employed in producing, manufacturing, mining, handling, or transporting goods, or in any other manner worked on goods or any closely related process or occupation directly essential to the production of goods.

The minimum wage required by the FLSA during the period involved in this case was $7.25 per hour.

## IV.
## INSTRUCTIONS CONCERNING PLAINTIFF'S OVERTIME CLAIM

Plaintiff claims that Defendant did not pay Plaintiff Christie Punger overtime pay required by the Fair Labor Standards Act, also known as the FLSA.

Defendant Farrah Martinez, PLLC denies Plaintiff Christie Punger's claims.

It is unlawful for an employer to require an employee covered by the FLSA to work for more than 40 hours in a workweek without paying overtime.

To succeed on her overtime pay claim, Plaintiff Christie Punger must prove the following facts by a preponderance of the evidence:

1. Plaintiff Christie Punger: (1) was engaged in commerce; (2) or was engaged in the production of goods for commerce; or (3) was employed by an enterprise engaged in

commerce or in the production of goods for commerce that had gross annual sales of at least $500,000.00 for 2022–2024; and

2. Defendant Farrah Martinez, PLLC failed to pay Plaintiff Christie Punger the overtime pay required by law.

The term "commerce" in this context has a very broad meaning. It includes any trade, transportation, transmission, or communication among the several states, or between any state and any place outside that state. Plaintiff was engaged in the "production of goods" if she was employed in producing, manufacturing, mining, handling, or transporting goods, or in any other manner worked on goods or any closely related process or occupation directly essential to the production of goods.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. If an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for the time she worked after the first 40 hours. This is commonly known as "time-and-a-half pay" for overtime work.

To calculate how much overtime pay Plaintiff earned in a particular week, multiply her regular rate of pay by one-and-one-half times the regular rate for all hours worked over 40 in that week.

To prevail on a claim for overtime under the Fair Labor Standards Act, a plaintiff must prove, by a preponderance of the evidence, that the employer failed to pay the plaintiff overtime for all hours worked in excess of 40 in one or more workweeks. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. An employee's time spent primarily for the benefit of the employer or the employer's business is "hours worked" only if the employer knew or had reason to believe that the employee was doing the work.

At the same time, an employer who knows that an employee is working overtime and does not want the work to be done must make reasonable efforts to prevent it. If an employee in fact does overtime work and the employer knows or has reason to believe it, the employer cannot stand idly by and allow the employee to perform the work without proper compensation, even if the employee did not make a claim for the compensation at the time. An employer has the right to require an employee to adhere to its procedures for claiming overtime and an employee has a duty to notify his employer when she is working extra hours. If the employee fails to notify the employer of the overtime work or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of the statute. If the employer neither knew nor had reason to believe that overtime work was being performed, the time does not constitute "hours worked."

Constructive knowledge exists if an employer exercising reasonable diligence would become aware that an employee is working overtime. But if the employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation.

## V.
## INSTRUCTIONS CONCERNING FLSA DAMAGES

You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff has proved liability. The Plaintiff must prove her damages by a preponderance of the evidence.

If you find that Defendant Farrah Martinez, PLLC violated the FLSA, then you must determine the amount of any damages.

The amount of damages, if any, is the difference between the amount Plaintiff Christie Punger should have been paid and the amount she was actually paid.

If you find that Christie Punger is entitled to damages, the FLSA only allows her to seek damages for a specific period of time. If she proves Defendant's liability, Plaintiff is entitled to recover lost wages she incurred from June 11, 2022, to the date her employment with Defendant ended.

If you find that Defendant Farrah Martinez, PLLC knew or showed reckless disregard for whether the FLSA prohibited its conduct, then Plaintiff is entitled to recover lost wages she incurred from April 1, 2022, to the date her employment with Defendant ended.

The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Plaintiff claims that Defendant Farrah Martinez, PLLC failed to keep and maintain adequate records of her hours and pay. Plaintiff also claims that Defendant's failure to keep and maintain adequate records has made it difficult for Plaintiff to prove the exact amount of her claim.

If you find that Defendant Farrah Martinez, PLLC failed to keep adequate time and pay records for Plaintiff and that Plaintiff performed work for which she should have been paid, but was not, Plaintiff may recover a reasonable estimation of the amount of her damages. But to recover this amount, Plaintiff must prove by a preponderance of the evidence a reasonable estimate of the amount and extent of the work for which she seeks pay.

## VI.
## INSTRUCTIONS CONCERNING DELIBERATIONS

On retiring to the jury room, you should select one of your number as your foreperson, who will preside over your deliberations and will speak for you here in the courtroom. Your verdict must represent the considered judgment of each juror. To return a verdict, it is necessary that each juror agree. In other words, your verdict must be unanimous. You will never have to explain your verdict to anyone.

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself—but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict. Remember at all times you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Your verdict must be unanimous. After you have reached a unanimous verdict, your foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

You may not decide the answer to a question by lot, by drawing straws, or by any other method of chance. Do not return a quotient verdict. A quotient verdict means that the jurors agree to abide by the result to be reached by adding together each juror's figures and dividing by the number of jurors to get an average. Do not do any trading on your answers; that is, one juror should not agree to answer a certain question one way if others will agree to answer another question another way.

A verdict form has been prepared for your convenience. You will take the verdict form to the jury room, and when you have reached an agreement as to your unanimous verdict, you will have your foreperson fill it in, date and sign it, and then return it to the courtroom.

If during your deliberations you want to communicate with me, please reduce your message or question to writing signed by the foreperson and pass the note to the court security officer, who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that in any message or question you might send, you should never state or specify your numerical division, if any, at that time.

SIGNED at Houston, Texas, this 23ʳᵈ day of October 2025.

Andrew S. Hanen
United States District Judge